**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES FAJFAR, | ) | CASE NO. 1:13-cv-00897 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| THE CLEVELAND ELECTRIC | ) | |
| ILLUMINATING COMPANY, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | | |

### I. Procedural and Factual Background

On March 15, 2013, Plaintiff James Fajfar (hereinafter "Plaintiff") filed a Complaint in the Cuyahoga County Court of Common Pleas, alleging claim(s) against his former employer, the Cleveland Electric Illuminating Company (hereinafter "CEI") and Utility Workers Union of America, AFL-CIO, Local Union 270 (hereinafter "Local 270"). (ECF No. 1-1.) Plaintiff avers that while employed with CEI, he was a member of Local 270. (ECF No. 1-1 at ¶¶3, 16.) Plaintiff admits that he failed a drug test on April 18, 2011. (ECF No. 1-1 at ¶4.) On May 15, 2011, Plaintiff alleges that he entered into a "Last Chance Agreement (LCA)" with CEI, attached to the Complaint as Exhibit A. (ECF No. 1-1 at ¶6.) Plaintiff avers that on May 27, 2011, he was required to submit to or pass a drug/alcohol test pursuant to the LCA and that he complied. (ECF No. 1-1 at ¶¶9-10.) Plaintiff claims his subsequent termination on June 9, 2011 was contrary to the LCA. (ECF No. 1-1 at ¶13.) Plaintiff states that he filed a grievance with Local 270 the same date he was terminated. (ECF No. 1-1 at ¶17.) On July 1, 2011, Local 270

withdrew the grievance indicating no further action would be taken. (ECF No. 1-1 at ¶19, Exh. E.) Plaintiff asserts that CEI breached the LCA while Local 270 failed in its duty as his representative, resulting in joint and several liability. (ECF No. 1-1 at ¶¶14, 20-21.) While the causes of action are not clearly set forth, Plaintiff is plainly attempting to raise a hybrid action pursuant to § 301(a) of the Labor-Management Relations Act, 29. U.S.C. § 185(a) (hereinafter "LMRA") and concedes as much in his Brief in Opposition.[1] (ECF No. 10 at 6.)

On April 22, 2013, Defendant CEI filed a Notice of Removal with the consent of Defendant Local 270. (ECF No. 1.)

On April 9, 2013, CEI and Local 270 filed a joint Motion to Dismiss.[2] (ECF No. 4.) After multiple extensions, Plaintiff filed a brief in opposition on July 10, 2013, to which Defendants replied on July 25, 2013. (ECF Nos. 10 & 11.) This matter is now fully briefed.

## II. Civil Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Well-pleaded allegations must be taken as true and construed most favorably toward the non-moving party. *See, e.g., Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

---

[1] Plaintiff's prior suit against Defendant CEI only was also on this Court's docket. *See Fajfar v. Cleveland Electric Illuminating Company*, 1:11-cv-02524. Therein, after CEI filed a motion to dismiss, Plaintiff voluntarily dismissed. (ECF Nos. 4 & 15.)

[2] Pursuant to the consent of the parties, this action was transferred to this Court on May 13, 2013. (ECF No. 6.)

2

inapplicable to legal conclusions[, as] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Although a court may not grant a Rule 12(b)(6) motion based on its disbelief of the factual allegations contained in the complaint, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), a court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must appear 'plausible' on its face, if all of its factual allegations are assumed to be true." *Alli v. City of New York*, 2012 WL 4887745 (S.D.N.Y. Oct. 12, 2012) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 560–70. Consequently, a claim should not be dismissed unless it is unsupported by the law or the facts alleged are insufficient.

When ruling on motions to dismiss, a Court should normally look no further than the complaint, but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir.1997) (citations omitted); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. Analysis

**A. § 301 Preemption**

As a threshold matter, Plaintiff's brief in opposition concedes that the Complaint raises a hybrid § 301 cause of action. (ECF No. 10 at 6.)

> "A hybrid section 301 action involves two constituent claims: breach of a collective bargaining agreement by the employer and breach of the duty of fair representation by the

3

> union." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 583 (6th Cir.1994) (citation omitted). The two claims are "inextricably interdependent." *DelCostello v. Teamsters*, 462 U.S. 151, 164, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (internal quotation marks and citation omitted). Unless a plaintiff "demonstrates both violations, he cannot succeed against either party." *Bagsby v. Lewis Bros. Inc. of Tenn.*, 820 F.2d 799, 801 (6th Cir. 1987) (emphasis omitted). In order to prove a breach of the duty of fair representation, an employee must demonstrate that the union's actions or omissions during the grievance process were arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Each of these wrongs is mutually independent, meaning, that "the three named factors are three separate and distinct possible routes by which a union may be found to have breached its duty." *Black*, 15 F.3d at 584. "Actions for a union's breach of its duty of fair representation depend for their rationale on the union's otherwise-complete control over the handling of an employee's grievance." *Id.* "Just as ... fiduciaries owe their beneficiaries a duty of care as well as duty of loyalty, a union owes employees a duty to represent them adequately as well as honestly and in good faith." *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 75, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (citations omitted). There is no requirement, however, that the grievance process be "error-free." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 571, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).

*Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003)

To the extent Plaintiff may assert that his Complaint also raises separate state law claims, all of his claims involve alleged breaches of the LCA and/or the collective bargaining agreement and are, therefore, preempted by § 301 of the LMRA. *See, e.g., Perez v. Roadway Exp., Inc.*, 281 F. Supp. 2d 936, 938 (N.D. Ohio 2003). In *Perez*, the court observed that preemption of state law claims is "well established." *Id.* It found that the plaintiff's claims – state-law based allegations of fraud in the inducement, breach of contract, and breach of fiduciary duty all based on state law – comprised a classic § 301 hybrid action, and, therefore, were preempted because resolution of the claims required reference to and interpretation of a collective bargaining agreement. *Id.*; *see also Northwestern Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1030 (6th Cir. 2002) (explaining that "[s]ince federal law is the exclusive law used to interpret the duties and obligations contained within collective bargaining agreements, any state law claim

4

that is not independent of rights established by an agreement, and that is 'inextricably intertwined' with a determination of the meaning of the terms of an agreement, is preempted by section 301"); *Winters v. Ford Motor Co.*, 2006 U.S. Dist. LEXIS 90243, 12-13 (E.D. Mich. Dec. 12, 2006) ("where a purported state law claim requires interpretation of, or is substantially dependent on, a pertinent collective bargaining agreement or other superseding contract between an employer and a labor organization – such as a last chance agreement – federal labor law must be used to resolve the dispute. If not, the claim(s) must be dismissed.")

As explained by the Sixth Circuit Court of Appeals, "section 301 constitutes an exception to the well-pleaded complaint rule because the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 799 (6th Cir. 1990) (internal quotation marks omitted) (*citing Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)). Therefore, Plaintiff's Complaint raises only one cognizable cause of action – a § 301 hybrid claim under LMRA. As such, the rules governing such actions apply to the case at bar.

**B. Statute of Limitations**

CEI and Local 270 argue that the Complaint should be dismissed as the § 301 hybrid action is time-barred. (ECF Nos. 4 at 5-6; 11 at 1-3.) With respect to such actions, a six-month statute of limitations applies:

> Section 10(b) of the National Labor Relations Act ("NLRA") provides in relevant part "that no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board." 29 U.S.C. § 160(b). **This statute of limitations is borrowed from and applies to breach of collective bargaining agreement claims against employers as well as fair representation claims against unions**. *See DelCostello v. Int'l Bhd. Of*

5

> *Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *see also Martin v. Lake County Sewer Co.*, 269 F.3d 673 (6th Cir. 2001). To determine when a cause of action accrues, the court is to look at "'when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action.'" *Martin*, 269 F.3d at 678–79 (*quoting Wilson v. Int'l Bhd. of Teamsters*, *Chauffeurs, Warehousemen, and Helpers of Am.*, 83 F.3d 747, 757 (6th Cir. 1996)). "The determination of the accrual date is an objective one: 'the asserted actual knowledge of the plaintiffs is not determinative if they did not act as reasonable persons and, in effect, closed their eyes to evident and objective facts concerning the accrual of their right to sue.'" *Noble v. Chrysler Motors Corp*., 32 F.3d 997, 1000 (6th Cir. 1994) (*quoting Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 579 (6th Cir. 1987)). "[A] hybrid § 301 action accrues against the company when it accrues against the union." *Moore v. United Auto. Aerospace, Agric. Implement Workers of Am. Int'l Union Local 598*, 33 Fed.Appx. 165 (6th Cir. 2002) (*citing Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 803 (6th Cir. 1990)).

*Perez v. Roadway Exp., Inc.*, 281 F. Supp. 2d 936, 939 (N.D. Ohio 2003) (emphasis added); *see also Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 83 F.3d 747, 757 (6th Cir. 1996) ("The statute of limitations for filing a hybrid Section 301/duty of fair representation claim is six months."); *accord Cole v. Cleo, Inc.*, 301 F. App'x 402, 407 (6th Cir. 2008).

In the case at bar, the accrual date of the cause of action is straightforward. Pursuant to the letter attached to the Complaint, Local 270 informed Plaintiff on July 1, 2011, that it would take no further action on his behalf. (ECF No. 1-1 at ¶19, Exh. E.) As such, the six-month statute of limitations began running at that time and expired on or about January 1, 2012. Plaintiff's previous suit was filed on October 19, 2011, within the six-month limitations period. (*See* 1:11-cv-02524, ECF No. 1.) Thereafter, Plaintiff voluntary dismissed his claim on February 22, 2012.[3] (*See* 1:11-cv-02524, ECF Nos. 13 & 15.)

---

[3] While Plaintiff sought leave to dismiss, the Court observed that "Plaintiff's motion to dismiss does not require this Court's approval. Nonetheless, as Plaintiff has sought the

Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss barely touches upon the argument that the instant action is time barred. The entirety of Plaintiff's argument on this point is as follows:

> Defendant, CEI's, argument that <u>Plaintiff attempts to Plead a Hybrid-6 Month Sec.301 Claim under the LMRA</u> and, thus, barred by the Statute of Limitations is without merit. The previous action was not a "hybrid Sec.301 claim" as Local 270" was never a party. Further, the previous action was dismissed without prejudice pursuant to Civil Rule 41(a)(1) and since Plaintiff has refiled in less than one year his claims are not barred.

(ECF No. 10 at 6) (emphasis in original).

Essentially, Plaintiff attempts to raises two counter-arguments. The first appears to be that the previous action was distinct and unrelated because it did not raise a § 301 hybrid action and Local 270 was not a named Defendant. (ECF No. 10 at 6) Accepting for the sake of argument that the previous action was unrelated, Plaintiff would not enjoy the benefit of any tolling or savings statute, and his hybrid claim would have been untimely if not filed on or about January 1, 2012.

Plaintiff's second argument is also without merit. Plaintiff assumes, without citing any law, that his claim is not barred by the statute of limitations, because he refiled his action within one year of his voluntary dismissal. (ECF No. 10 at 6) As Plaintiff filed this action in an Ohio court, this Court presumes that he is arguing that Ohio Revised Code ("O.R.C.") § 2305.19(A) applies. Commonly referred to as Ohio's savings statute, it reads as follows:

> (A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action

---

Court's approval rather than filing a Notice of Dismissal, the motion to dismiss without prejudice is granted." (*See* 1:11-cv-02524, ECF No. 15.)

> survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

O.R.C. § 2305.19.

In a factually similar decision, the Sixth Circuit Court of Appeals held that Tennessee's savings statute could not be used to toll or extend the six-month statute of limitations applicable to hybrid actions:

> Plaintiff's reliance on Tenn. Code Ann. § 28-1-105 (1986) to save his untimely action is likewise misplaced. The Tennessee saving statute cannot be applied to defeat the federal policy underlying the six-month statute of limitations of § 10(b). Although this court has not yet addressed this issue in the context of a hybrid § 301 action, our previous holdings in *Johnson v. Railway Express Agency*, 489 F.2d 525 (6th Cir. 1973), *aff'd on other grounds*, 421 U.S. 454, 44 L. Ed. 2d 295, 95 S. Ct. 1716 (1975), and *Burnett v. New York Cent. R.R. Co.*, 332 F.2d 529 (6th Cir. 1964), *rev'd on other grounds*, 380 U.S. 424, 13 L. Ed. 2d 941, 85 S. Ct. 1050 (1965), strongly imply such a result. In *Johnson* and *Burnett* this court refused to apply state saving statutes to extend the time for filing an action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and the Federal Employees' Liability Act (FELA), 45 U.S.C. § 56, respectively. *Johnson*, 489 F.2d at 530 (discussing the Tennessee saving statute in relation to Title VII); *Burnett*, 332 F.2d at 530 (discussing both the Ohio and Tennessee saving statutes in the context of the FELA). In those opinions, we concluded that the strong federal policy of uniformity underlying the federal statutes precluded application of the state saving statutes. This same reasoning applies in the present case as application of Tenn. Code Ann. § 28-1-105 (1986) would tilt the balance struck between the national interests in stable bargaining relationships and finality of private settlements and likewise detract from the uniformity achieved by consistently applying the six-month time period contained in § 10(b) of the National Labor Relations Act. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 171, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983).

*Davis v. Smith's Transfer, Inc.*, 841 F.2d 139, 140 (6th Cir. 1988).

Relying on the holding in *Davis*, the United States District Court for Southern Ohio found that "both logic and the weight of authority confirm that the Ohio savings provision found at

8

Ohio Rev. Code § 2305.19(A) cannot be applied to extend the limitations period applicable to the federal hybrid claim" and dismissed the action as time-barred. *Lee v. Nat'l Ass'n of Letter Carriers*, 2009 U.S. Dist. LEXIS 125395 (S.D. Ohio Jun. 22, 2009). In another analogous case, the United States District Court for Central Illinois found that Illinois's savings statute, which allows a plaintiff one year from the date that a complaint is voluntarily dismissed in which to file new action, does not apply to § 301 hybrid actions brought in federal court under the LMRA. *Beck v. Caterpillar Inc.*, 855 F. Supp. 260 (C.D. Ill. 1994) *aff'd*, 50 F.3d 405 (7th Cir. 1995) (explaining that federal courts have original federal question jurisdiction over such claims and that the plaintiff's voluntary dismissal of hybrid claims did not trigger the savings statute and, therefore, did not allow plaintiff an additional year in which to reinstitute the action).

Based on the weight of the above authority, Ohio's savings statute cannot be used to toll the applicable six-month statute of limitations. The assumption of Plaintiff's counsel that he had one year to refile after a voluntary dismissal without prejudice has no basis in federal rules or laws. "[N]umerous federal courts have made clear, a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed." *Wright and Miller*, 9 Fed. Prac. & Proc. Civ. § 2367 (3d ed.). As explained by the Sixth Circuit, a plaintiff's argument "that the filing of a complaint which is later dismissed without prejudice tolls the statutory filing period finds little support in the federal courts. It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987) (*citing with approval Bomer v. Ribicoff*,

304 F.2d 427 (6th Cir. 1962)). Although the *Wilson* decision did not involve an LMRA claim, its explanation is applicable to dismissals without prejudice in all civil actions, including hybrid actions under LMRA.

> Although plaintiff commenced his second lawsuit[4] within six months of when the limitations period began to run, the limitations period was not tolled because that lawsuit was voluntarily dismissed under Fed.R.Civ.P. 41(a). *Davis v. Smith's Transfer, Inc.,* 841 F.2d 139 (6th Cir.1988). *Accord Beck v. Caterpillar Inc.*, 50 F.3d 405 (7th Cir.1995). In *Davis*, the plaintiff filed a § 301 action within the six-month statutory period, voluntarily dismissed the action, and refiled the case less than a year later. This court held that the second action was not timely because (1) the filing of the first lawsuit had no effect on the limitations period since it had been voluntarily dismissed, and (2) the "Tennessee saving statute cannot be applied to defeat the federal policy underlying the six-month statute of limitations of § 10(b)." 841 F.2d at 140.

*Howell v. Gen. Motors Corp.*, 19 Fed. App'x 163, 166 (6th Cir. 2001).

Because Ohio's savings statute is inapplicable and Plaintiff's previous voluntary dismissal had no impact on the statute of limitations pursuant to federal rules of procedure, Plaintiff's § 301 hybrid action was filed well beyond the six-month statute of limitations. Since the Complaint is time-barred, the Court declines to address Defendants' argument that Plaintiff has failed to state a plausible claim for relief.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 4) is GRANTED. Plaintiff's claim(s) are hereby dismissed with prejudice as time-barred.

IT IS SO ORDERED.

/s/ Greg White
U.S. Magistrate Judge

Date: August 6, 2013

---

[4] It was the plaintiff's third lawsuit that was deemed untimely.